# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTELLE NUNNERY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14772** |
| **SOCIAL SECURITY ADMINISTRATION,**<br>    **Defendant** | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court are Plaintiff Christelle Nunnery's[1] and Defendant Social Security Administration ("SSA")'s[2] cross-motions for summary judgment. The motions were referred to the U.S. Magistrate Judge, who issued his report and recommendation on August 14, 2017.[3] The magistrate recommended this Court deny Plaintiff's motion and grant Defendant's motion, granting judgment in favor of Defendant.[4] On August 28, 2017, Plaintiff timely objected to the magistrate's report and recommendation.[5] For the reasons that follow, the Court grants Defendant's motion for summary judgment.

## FACTUAL & PROCEDURAL BACKGROUND

On January 8, 2014, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. Two months later, on March 7, 2014, Plaintiff applied for disabled widow's benefits, alleging a disability onset date of May 31, 2013. She alleged she was disabled based on her arthritis, back pain, obesity, Type II diabetes, and depression. Plaintiff was fifty years old when she claimed disability and fifty-one years old at the time of the final

---

[1] R. Doc. 20.
[2] R. Doc. 21.
[3] R. Doc. 22.
[4] *Id.*
[5] R. Doc. 23.

1

administrative decision. Plaintiff attended college for two years and has past work experience as a Licensed Practical Nurse ("LPN"), scheduler, private nurse, and sitter.

Defendant denied Plaintiff's application for disability benefits on May 28, 2014. Plaintiff then sought an administrative hearing, which Defendant conducted on January 12, 2015 before an Administrative Law Judge ("ALJ"). One month later, the ALJ determined that Plaintiff had not been disabled since May 31, 2013. While the ALJ's decision acknowledged Plaintiff is affected by back pain, obesity, diabetes, and degenerative joint disease of the right shoulder, the ALJ determined these conditions do not constitute an impairment or combination of impairments that meet or medically equal a listed impairment under the pertinent regulations. The ALJ found Plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.157(b) and can perform her past relevant work as an LPN, scheduler, and private nurse. Plaintiff then asked the Appeals Council ("AC") to review the ALJ's conclusion that she is not disabled. On July 18, 2016, the AC denied Plaintiff's request. Plaintiff then timely filed this civil action.

Plaintiff's appeal was referred to the United States Magistrate Judge. On appeal, Plaintiff raised three issues: (1) whether substantial evidence supports the ALJ's conclusion that plaintiff's depression is not severe; (2) whether substantial evidence supports the ALJ's credibility determination; and (3) whether the ALJ erred when she accorded great weight to the state-agency single decision maker ("SDM"). Both parties moved for summary judgment. After considering the law, record, and pleadings, the magistrate found each of the ALJ's determinations were supported by substantial evidence and recommended this Court grant Defendant's motion for summary judgment.

## STANDARD OF REVIEW

Appellate review of the Commissioner's denial of disability benefits is limited to determining whether "(1) the decision is supported by substantial evidence and (2) proper legal standards were used to evaluate the evidence."[6] "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed."[7] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8]

## LAW AND ANALYSIS

To be considered disabled and eligible for disability benefits under the Social Security Act, an applicant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[9] Only when a claimant's physical or mental impairment is so severe that she is unable to participate in any kind of substantial, gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if he applied for work is she disabled.[10] The Commissioner has promulgated a five-step evaluation process for determining whether an impairment

---

[6] *Mertinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)).
[7] *Id.* (citing 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).
[8] *Villa*, 895 F.2d at 1021–22 (internal quotations and citations omitted).
[9] 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).
[10] 42 U.S.C. § 1382(a)(3)(B).

prevents a person from engaging in any substantial gainful activity.[11] As the Fifth Circuit articulated in *Shave v. Apfel*[12]:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's [RFC], age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.[13]

Courts weigh four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.[14] "The Commissioner, rather than the courts, must resolve conflicts in the evidence."[15] Thus, this Court may not reweigh the evidence or try the issues de novo.[16]

---

[11] 20 C.F.R. §§ 404.1501–404.1599, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).
[12] 238 F.3d 592 (5th Cir. 2001).
[13] *Id.* at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)); *see also Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).
[14] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).
[15] *Id.*
[16] *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985).

After Defendant initially denied Plaintiff's applications on May 28, 2014, Plaintiff sought an administrative hearing before an ALJ. On February 12, 2015, the ALJ found (1) Plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations, (2) Plaintiff retains the RFC to perform light work activity as defined in 20 C.F.R. § 404.1567(b), and (3) Plaintiff can perform her past relevant work as an LPN/Scheduler and a private nurse/sitter.

Upon review of the ALJ's determination, the magistrate concluded there is substantial objective medical evidence supporting the ALJ's findings in the form of exams with normal findings, physicians' opinions, and plaintiff's ability to work part time.[17] Plaintiff raises two objections to the magistrate's report. First, she asserts the magistrate erred in finding that there is no objective evidence that Plaintiff's depression is a severe impairment. Plaintiff's avers that she "does not rely solely on the diagnosis" to establish that she is severely impaired by her depression; "rather, the clinic notes and comments reveal more significant symptoms than described in the checkbox mental status exam cited by the ALJ and the Magistrate." Second, Plaintiff asserts the magistrate erred when he found the ALJ did not assign any particular weight to the opinion of the State Agency's SDM. Plaintiff contends that the ALJ's mere consideration of the SDM opinion is improper. The Court reviews each objection in turn.

1. *Whether substantial evidence supports the ALJ's finding that Plaintiff's depression is not a severe impairment*

In determining whether Plaintiff has a severe mental impairment, the ALJ correctly analyzed Plaintiff's case using the framework detailed in 20 C.F.R. §§ 404.150a(d)(1) and 416.920a(d)(1). Using this framework, the ALJ determined Plaintiff

---

[17] R. Doc. 22 at 9.

has no limitations in activities of daily living; no limitations is social functioning; mild limitations in concentration, persistence, and pace; and no episodes of decompensation.

The ALJ based her findings on hospital records, mental status examinations, consultative psychological examinations, and review by state agency medical consultants. For example, records from Ochsner Foundation Hospital from June 2010 through March 2012 show normal mental findings, including intact memory, a euthymic mood, goal-directed and logical thought processes, and no auditory hallucinations, compulsions, delusions, homicidal thoughts, illusions, obsessions, phobias, suicidal thoughts, violence, or visual hallucinations. Similarly, mental status examinations at Jefferson Parish Human Services Authority in June and July 2014 revealed Plaintiff has a euthymic mood, normal thought process, good intellect, good insight, good judgment, and intact memory, and Plaintiff reported that her mood was improved and that she slept well at night. A consultative psychological examination performed by Carlos Reinoso, Ph.D., in May 2014, revealed Plaintiff's mood and affect were appropriate with no signs of gross mood dysfunction; she had no impaired thought; no problems with attention, impulsivity, or hyperactivity; she maintained good eye contact; she established rapport easily; she put forth adequate effort and motivation; and she demonstrated normal concentration and adequate persistence and pace of response. Finally, Lester Barnett, Ph.D., a state agency medical consultant, also reviewed the available record in May 2014 and concluded that plaintiff does not have a severe mental impairment.

The Court finds the ALJ's decision is supported by substantial evidence and based on proper legal standards.[18] Accordingly, the Court affirms the ALJ's findings, and summary judgment in favor of Defendant is warranted on this issue.

---

[18] *Mertinez*, 64 F.3d at 173.

*2. Whether the ALJ improperly assigned "great weight" to the SDM's opinion*

An SDM is a non-medical professional who assumes primary responsibility for processing a claimant's application for disability, including a claimant's initial disability determination.[19] According to the Social Security Agency's Program Operations Manual System ("POMS"),[20] because an SDM is generally not a medical professional, an ALJ may not accord the opinions of a SDM any weight when rendering her opinion.[21]

In her evaluation of whether Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), the ALJ noted:

> As for the opinion evidence, the State agency psychological consultant's assessment of no severe mental impairment is accorded great weight because it is well supported and consistent with the record as a whole. The physical [RFC] assessment completed by the State agency [SDM] is also consistent with the medical evidence of record. The record does not contain any opinions form [sic] treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. . . . In sum, the above [RFC] assessment is supported by a preponderance of the evidence.[22]

Plaintiff contends "[a]lthough the ALJ did not explicitly assign weight to the opinion of the SDM, stating that the SDM's opinion was 'consistent with the medical evidence of record' shows that the ALJ improperly evaluated the SDM's RFC as evidence in the decisionmaking process."[23] According to Plaintiff, by referencing the opinion of the SDM, "a non-medical professional whose opinions are not medical evidence and whose

---

[19] *See* 20 C.F.R. § 404.906(a).
[20] POMS is "a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law," but "it is nevertheless persuasive." *Davis v. Sec'y of Health and Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989).
[21] *See* POMS DI 24510.050C.
[22] R. Doc. 14-2 at 20–21.
[23] R. Doc. 23-1 at 5.

opinions should not be considered or assigned weight," the ALJ accorded the opinion "great weight" in her decisionmaking process.[24]

It does not follow that a mere reference the SDM's opinion indicates the ALJ accorded the opinion "great weight." Plaintiff essentially asks the Court to reweigh the evidence, which this Court cannot do.[25] Rather, this Court's role is to determine only whether the ALJ's decision is supported by substantial evidence.[26] The Court finds there is substantial, objective medical evidence to support the ALJ's findings in the form of normal exams, physician's opinions, and plaintiff's ability to continue to work part-time, notwithstanding the ALJ's reference to the SDM's opinion.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Court adopts the U.S. Magistrate's Report and Recommendation[27] and Defendant Social Security Administration's motion for summary judgment[28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Christelle Nunnery's motion for summary judgment[29] is **DENIED**. Judgment is granted in favor of the Social Security Administration.

**New Orleans, Louisiana, this 25th day of October, 2017.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[24] *Id.*
[25] *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2001).
[26] *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999).
[27] R. Doc. 22.
[28] R. Doc. 21.
[29] R. Doc. 20.